
<u>UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT COURT OF VIRGINIA
NORFOLK DIVISION</u>

Kenda Palmer,
Petitioner

V.

Case No: 4:10CR00113-001

United States

<u>U/C MEMORANDUM AND AUTHORITIES
IN SUPPORT OF §2255 PETITION</u>

Comes now Petitioner Kenda Palmer, Pro-se. Petitioner Palmer who was charged with conspiracy to commit bank fraud under 18USC §1349. United States V. Regensburg (2009, SD NY) 635 Supp 2d 306 at sentencing defendant challenged the enhancement requested by probation office under US Sentencing guideline manual 2B1.1 (b)(9)(c) and (16), requested a downward departure, and requested consideration of other factors pursuant to 18 USC §3553(a). However, the court found that the probation office should not have imposed a four level enhancement under 2B1.1(b)(16) because defendant was not an investment advisor. Petitioner Palmer received a four level enhancement according to US sentencing guideline manual 3B1.1(a) if the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. Petitioner Palmer gave government letters and cards from Co-defendant Peterson stating he wanted her to mislead the government. Petitioner Palmer only knew co-defendants and unindicted co-conspirators through Peterson.

United States v. Henton, 970 F. 2d 1328, 1334 (4th Circuit 1992) in determining a defendant's role in the offense, the guidelines manual lists seven non-exclusive factors that a court may consider. 1) Whether the defendant excercised decision making authority 2) Nature of the defendants participation 3) whether defendant recruited others 4) whether defendant claimed a larger share of the proceeds 5) the defendants degree of participation in planning or organizing the offense. 6) the nature and scope of the crime 7) the defendants degree of control over others.

Petitioner Palmer's Co-defendants Peterson and Drewery admitted they recruited individuals and organized the crime. Petitioner Palmer was only seen making some deposits and withdrawals. Drewery made a claim that he was homeless which was inaccurate. Drewery resided with Palmer and Peterson. Peterson and Drewery had a grass cutting business together. Petitioner Palmer received an two-level enhancement according to USSG §2B1.1(b)(10)(c) stating the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification. According to the government I opened a Navy Federal Credit Union account without the permission of the person whom the account belonged to. The account was opened by the individual BALL, at the Newport News, Va Branch. The unindicted Co-Conspirator used Palmer's Address Because she was going to school at Centura College and working at Williamsburg Plantation both in Newport News, VA. Ball was trying to obtain several loans that's why she told Palmer to put money in her account to make it seem as if she used the account and was having income coming in. Palmer only transferred money from her own account into

unidicted co-conspirator's account which came from her school Virginia Univeristy of Lynchburg refund check in the amount of 1184.64.

Petitioner Palmer received an two-level enhancement according to USSG §2B1.1(b)(9)(c) the offense otherwise involved sophisticated means. Palmer never worked for a bank it is my assumption that the government stated she was smarter due to the fact that she was the only female indicted. Courts have held that sophisticated means applies when the offense is more complex than the average case. SEE. United States V. Finck 407 F. 3d 908, 911, 915 (8th Circuit) Petitioner Palmer's attorney Thurston Harville, told Palmer to take the plea agreement because the government was promising that she would be sentenced between 18 to 24 months due to the fact that she gave government information to proceed with convicting people on the state level and gave documents to prosecutor, Brian Sameuls, Which was used at Co-defendant Peterson's sentencing, the 5k1 was never applied.

## JURISDICTION

Stare decisis doctrine applicable:

United States V. Simmons, No. 08-4475 (4th Cir. Aug 17, 2011); 340 F. App'x 141 (4th Circuit 2009); 635 F. 3d140 (4th Cir. 2011) The supreme court ruling on Aug. 17, 2011, triggered a sentencing enhancement in Smmons V. United States in remanding further proceedings consistent with the opinion. Simmon's case was vacated.
Padilla V. Kentucky 559 U.S.-, 130 S. Ct. 1473 (2010)-- Padilla is retroactive, last year, the United States Supreme Court held that a federal inmate suffers from a 6th amendment violation, and can therefore challenge his/her plea conviction, when his/her attorney fils to give advice of consequences of pleading guilty. Specifically, in Padilla, the Supreme court ruled that Strickland V. Washington, the primary court case defining the ineffective assistance of counsel, requires plea counsel to give advice to potential consequences of a recommended plea. The 3rd Circuit held that this principle articulated in Padilla is retroactively applicable on collateral review. (United States V. Orocio, 3 Cir. June 29, 2011). The issue of retroactivity is important constitutional one as it addresses matters of due process and fundamental fairness. In the 1989 case of Teaque V. Lane, 489 US 288 (1989)- Old rule- New rule Washington V. Strickland 693 F. 2d1243 (5th & 11th Us Court of Appeals 1982). Cuyler V. Sullivan (1980) 446 US 335, 100 SCT. 1708, 64LEd2d333, reh den (1984, CA. 11 FLA.) 731F2d1485 and cert den (1984) 469US956, 83LEd2d291, 105 SCT. 355 and superceded by statute on other grounds as stated, US. V. Battle (2003, ND Ga) 264F Supp

211088.

## INEFFECTIVE COUNSEL

Prou V. United States 199 F. 3d 37 (1st Cir. 1999)---Untimeliness of government's filing of charging paper alleging grounds for sentencing enhancement requires that §2255 movant's sentence be vacated and that movant be "Remand(ed) for resentencing without the statutory enhancement."

United States V. Taylor 77 F. 3d 368 (11 Circuit 1996) government breached plea agreement. Petitioner Palmer took a plea agreement for 18 months and with undisclosed enhancements received 48 months, clearly in violation of plea agreement. Petitioner Palmer objects to enhancements put in the PSI, requiring the government to prove disputed fact by a preponderance of the evidence, United States V. Martinez 584 F. 3d 1022, 1027 (11th Cir. 2009). Petitioner Palmer disputes calculations of time and relevant conduct issues of the Criminal History report.

English V. Romanowski 602 F. 3d 714 (6th Cir. 2010). Counsel failed to adequatley investigate before making subsequently unfulfilled promis...Petitioner therefore received ineffective counsel and prays that the court will depart the applicable criminal history category. Criminal history category §a-2(d)(2) relevant conduct added after plea was inaccurate information

## ACTUAL INNOSCENCE

Petitioner Palmer signed a written plea agreement agreeing to plea guilty to one count, believing to be sentenced to a 18 month period. Believing that to be true and correct upon accepting the plea agreement; It was dishonored and changed to a 48 month sentence. The government also promised a 5K1 reduction for substantial assistance which was never applied. 1st Cir. (11-2011), holds a defendant's appeal waived was spoiled by the district courts failure to ensure that he was aware of the maximum sentence he faced, even though that sentence was imposed. The court may reduce the sentence after considering the factors set forth in 18 USC § 3553(a) imposing a sentence. Further pursuant to the supreme court decision in Gall V. US (2007, US) 1285 CT. 586, 169 Led 2d 445- abuse- discretion standard in sentencing. US. Booker (2005) 543 US 220, 12 JSCT 738, 160 Led 2d 621. US V. Bonilla (2009 CA 11 FL9) 579 F 3d 1233, 22FLW Fed C82 Cert Deh. (2010, US) +30 SCT 2361 176 L. Ed 575 (11th Circuit FLA.) time was added to sentence above plea agreement, and not explained to Petitioner Palmer who has two children 5 and 2 years of age. Palmer being incarecerated is having an effect on them as well as other's having to be responsible for their care. Palmer wants to alleviate harm to her children because they have incarcerated parents; and prays the court to consider 9th circuit split Nov. 2011 under 18 USC §3553(a) reduction of sentence for substantial assistance, judge may consider other factors to reward defendant with a reduction even greater since the district court did not follow proper procedure for imposing sentence post-Booker. Palmer content that the court failed to adequately consider her personal history family situation, and obligation to pay restitution and considered only the need to teach her a lesson

When sentencing a defendant after Booker, courts must first calculate the applicable advisory guidelines range United States V. Alburay, 415 F. 3d 782, 786 (7th Cir 2005) then consider the factors in 18 USC §3553(a) United States V. RE, 419 F. 3d 582, 583 (7th Circuit) and finally articulate the factors that determined the chosen sentence United States V. Dean, 414 F. 3d 725, 729 (7th Circuit 2005).

Bonilla V. United States shows sentence vacated due to the relationship to other laws and violation of the fifth amendment; and sixth amendment violation when Petitioner's attorney failed to advise of consequences of pleading guilty. Padilla V. Kentucky; United States V. Orocio; Teague V. Lane; Washington V. Strickland; Cuyler V. Sullivan; Prou V. US; US V. Taylor_government breached plea agreement, and US V. Martinez-- calculations of time and relevant conduct issues of criminal history. English V. Romanowski--counsel failed to adequately investigate before making subsequently unfulfilled plea agreement and investigating actural charges for prosecutorial unlawfulness.

Petitioner Palmer stands incarcerated on alleged criminal charges in violations of fifth and sixth amendments, per case rulings and unlawful charges.

Wherefore, Petitioner Palmer prays that the court grant her petition of motion 2255 to immediate release from prison, to reverse her convictions to which she may be entitled in the proceeding.

*Kenda Palmer* (signature)
Kenda Palmer 57742-083
Federal Prison Camp
P.O. Box A, Unit A4
Alderson, WV 24910

## CERTIFICATE OF SERVICE

This is to certify that served a true and correct copy of the foregoing. Memorandum and Authorities in support of Motion under 28 USC §2255 upon the following addressed, by placing same in sealed envelope, bearing sufficient postage for delivery via United States Mail Service to:

> United States District Court Clerk
> Eastern District Of Virginia
> 600 Granby Street
> Norfolk, Virginia 23510

Which was hand delivered to prison authorities of mail room provided for inmates on the grounds of the Federal Prison Camp Alderson, West Virginia on this _30_ day of _January_, 2012.

*/s/ Kenda Palmer*
Kenda Palmer 57742-083
Federal Prison Camp- Alderson
PO Box A, Unit A4
Alderson, WV 24910
Pro- Se